MICHAEL K. PORTER, OSB No. 211377
Deputy City Attorney
mike.porter@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ANTONIO MARTINEZ,**<br><br>      **Plaintiff,**<br><br>    v.<br><br>**CITY OF PORTLAND, OREGON; PORTLAND POLICE BUREAU OFFICERS, NICOLE K. KENNEDY, INDIVIDUALLY; MICHAEL HOFFMAN, INDIVIDUALLY; MATTHEW BOYD, INDIVIDUALLY; JUSTIN BURNS, INDIVIDUALLY; CLINT SNODGRASS, INDVIDUALLY; AND J. MCMURRAY, INDIVIDUALLY,**<br><br>      **Defendants.** | Case No. 3:23-cv-00124-SB<br><br>**DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>*Oral Argument Requested* |

Page i – DEFENDANTS' PARTIAL MOTION TO DISMISS

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM. 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

## TABLE OF CONTENTS

I. MOTION...........................................................................................................................1
II. INTRODUCTION ............................................................................................................1
III. BACKGROUND ...............................................................................................................1
IV. MEMORANDUM OF LAW .............................................................................................2
    A.    **Standard of Review**................................................................................................2
    B.    **ARGUMENT** ......................................................................................................3
        1.    **House Bill 4212 does not cure the late filing.**............................................4
V. CONCLUSION..................................................................................................................6

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM. 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

# TABLE OF AUTHORITIES

Federal Cases

*Benton v. Doe 1,*
   2014 WL 1383606 (D Or Apr 7, 2014) .................................................................................. 3
*Hernandez v. Cloutier,*
   801 F. App'x 561 (9th Cir. 2020) ........................................................................................ 3
*Kokkonen v Guardian Life Ins. Co. of Am.,*
   511 U.S. 375 (1994) ............................................................................................................ 2
*Mayhar v. Oregon,*
   2004 WL 2075170 (D Or Sept 9, 2004) ............................................................................. 3
*Milligan v. C.R. Bard, Inc.,*
   No. 3:22- CV-00448-HZ, 2022 WL 16552307 (D. Or. Oct. 26, 2022) ............................. 5, 6
*Pearce v. City of Portland,*
   No. 3:22-cv-00518-HZ, 2023 WL 315913 (D. Or. Jan. 18, 2023) ...................................... 6
*Safe Air v. Meyer,*
   373 F.3d 1035 (9th Cir. 2004) ............................................................................................. 2
*Sato v. Orange Cnty. Dep't of Educ.,*
   861 F.3d 923 (9th Cir. 2017) ............................................................................................... 2
*Tosco Corp. v. Cmtys. for a Better Env't,*
   236 F.3d 495 (9th Cir. 2001) ............................................................................................... 2
*White v. Lee,*
   227 F.3d 1214 (9th Cir. 2000) ............................................................................................. 2
*Wolfe v. Strankman,*
   392 F.3d 358 (9th Cir. 2004) ............................................................................................... 2

State Cases

*Curzi v. Oregon State Lottery,*
   286 Or App 254 .................................................................................................................. 4
*Fry v. Willamalane Park & Rec. Dist.,*
   4 Or. App. 575, 481 P.2d 648 (1971) .............................................................................. 3, 4
*Jensen v. Whitlow,*
   334 Or. 412 (2002) .............................................................................................................. 3
*Johnson v. Smith,*
   24 Or. App. 621, 546 P.2d 1087 (1976) ............................................................................. 3
*Progressive Universal Ins. Co. v. Tosano,*
   No. 22CV09996, 2022 WL 3576110 (Or. Cir. July 22, 2022) .......................................... 5
*Urban Renewal Agency of City of Coos Bay v. Lackey,*
   275 Or. 35 (1976) ................................................................................................................ 3

Page iii – TABLE OF AUTHORITIES

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM. 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

State Statutes

ORS 30.265 ................................................................................................................. 3
ORS 30.275 .............................................................................................................. 4, 5
ORS 30.275(2)(b) ...................................................................................................... 3

Federal Rules

Fed. R. Civ. P. 12(b)(1) ......................................................................................... 1, 2, 6
FRCP 12(h)(3) ........................................................................................................... 2

Other Authorities

HB 4212 ................................................................................................................ 4, 5, 6
L.R. 7 ......................................................................................................................... 1
SB 813 ..................................................................................................................... 4, 5

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM. 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

I. **MOTION**

**Local Rule 7-1 Certificate**

In accordance with L.R. 7(a)(1)(A), Defendants City of Portland, Nicole K. Kennedy, Michael Hoffman, Matthew Boyd, Justin Burns, Clint Snodgrass, and James McMurray (hereinafter, "City"), through its counsel, made a good faith attempt through email conversations on January 8-11 and 30-31, 2023, and then by telephone conference on January 31, 2023, with Plaintiff's attorneys, Jennie Clark and Joseph Haley, to resolve the disputes subject to the City's motion, but was unable to do so. Plaintiff objects to the relief requested in the City's Motion.

Defendant City respectfully moves the Court pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss Plaintiff's state law claims against the City for lack of subject-matter jurisdiction. Defendant City's motions are based on the memorandum of law in support of the motion below, and the complete court file, including Plaintiff's Complaint, (ECF 1-1.)

II. **INTRODUCTION**

Plaintiff Antonio Martinez's ("Plaintiff") tort claim notice was untimely and therefore his state law claims—Claims 3 (False Imprisonment/Wrongful Arrest), 4 (Negligence), and 5 (Intentional/Negligent infliction of Emotional Distress) —should be dismissed pursuant to FRCP 12(b)(1).

III. **BACKGROUND**

Plaintiff's son Christian Martinez was tragically shot and killed by Plaintiff's son Angel Martinez on January 2, 2021. (ECF 1-2, Complaint ¶¶ 12-13). Angel Martinez as well as two others called "911 and requested an ambulance" and police responded to the call. (*Id. at* 14-21) Angel Martinez was ultimately charged and convicted of Negligent Homicide. (*Id.* at 34). On March 3, 2022, the City received a facsimile from Drake Aehegma Attorney at Law providing the City with a Tort Claim Notice on behalf of La'Nae Garcia-Simon, individually and on behalf of her and Christian Martinez's minor child, Dena Martinez, and Plaintiff Antonio Martinez. (Declaration of Mike Porter ("Porter Decl."), ¶ 3, Ex. 1 ("First TCN"). On March 25, 2022, the

Page 1 – DEFENDANTS' PARTIAL MOTION TO DISMISS

City received a second Tort Claim Notice from Clark Law & Associates on behalf of Plaintiff Antonio Martinez only. (Porter Decl., ¶ 4, Ex. 2 ("Second TCN")).

IV. **MEMORANDUM OF LAW**

A. **Standard of Review**

FRCP 12(b)(1) allows a defendant to move to dismiss a case for "lack of subject-matter jurisdiction." FRCP 12(b)(1). When a defendant correctly identifies a jurisdictional defect, "the court must dismiss the action." FRCP 12(h)(3). A defendant may raise justiciability issues through a motion to dismiss under FRCP 12(b)(1). *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017).

The plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To meet this burden, the plaintiff must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), overruled on other grounds, *Hertz Corp. v. Friend*, 559 U.S. 77, 82 (2010). A motion to dismiss for lack of subject matter jurisdiction may be a facial attack, where the allegations of the complaint are insufficient on their face to invoke federal jurisdiction, or a factual attack, where "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (citation and quotation marks omitted); *See also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

"In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual challenge, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the plaintiffs' allegations." *White*, 227 F.3d at 1242. Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Page 2 – DEFENDANTS' PARTIAL MOTION TO DISMISS

B.     **ARGUMENT**

Plaintiff did not comply with the Oregon Tort Claim Act ("OTCA") requirement of timely notice of a claim. (Porter Decl., Exs. 1 and 2). Giving notice under the OTCA is a jurisdictional requirement. *Fry v. Willamalane Park & Rec. Dist.*, 4 Or. App. 575, 582, 481 P.2d 648, 651 (1971); see *Johnson v. Smith*, 24 Or. App. 621, 626, 546 P.2d 1087, 1090 (1976) ("[T]he pleading of notice in a proper fashion is a jurisdiction prerequisite to bringing a claim against the state.").

The sole cause of action available for Plaintiff alleging "a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties . . . is an action under [the OTCA]." ORS 30.265. The OTCA requires that Plaintiff give notice to the City of an alleged tort "within 180 days after the alleged loss or injury." ORS 30.275(2)(b); *see also Jensen v. Whitlow*, 334 Or. 412, 417 (2002).

Plaintiff alleges the incident's giving rise to the claim occurred on January 2, 2021. Tort claim notice was due no later than July 1, 2021, unless the deadline tolled. Plaintiff served notice on March 25, 2022.[1] (Porter Decl., Ex. 2). Absent tolling of the service deadline, Plaintiff's state-law claims are time-barred. *See Benton v. Doe 1,* 2014 WL 1383606, *2 (D Or Apr 7, 2014) (failure to file timely tort claim notice precluded relief); *Mayhar v. Oregon,* 2004 WL 2075170, at *3 (D Or Sept 9, 2004) (explaining that "plaintiff has not alleged the Oregon Tort Claims Act's jurisdictional prerequisite of notice against the state"); See also, *Hernandez v. Cloutier*, 801 F. App'x 561, 562 (9th Cir. 2020) ("The district court properly granted summary judgment on Hernandez's state law claims because Hernandez failed to satisfy the notice requirements of the Oregon Tort Claims Act ('OTCA').")

It is Plaintiff's burden to both plead and prove adequate notice. *See Urban Renewal Agency of City of Coos Bay v. Lackey*, 275 Or. 35, 40 (1976). The "pleading of notice in a proper fashion is a jurisdiction prerequisite to bringing a claim against" a local government. *Johnson v.*

---

[1] A tort claim notice on behalf of Christian Martinez and family, naming Antonio Martinez as a represented party was served on March 8, 2022, also outside the statutory period for service. (Porter Decl., Ex. 1).

Page  3  –  DEFENDANTS' PARTIAL MOTION TO DISMISS

*Smith*, 24 Or. App 621, 626 (1976); *Curzi v. Oregon State Lottery*, 286 Or App 254, 265, *rev den,* 362 Or. 175 (2017);

*Fry v. Willamalane Park & Recreation Dist.*, 4 Or. App 575, 582, 481 P2d 648 (1971).

Plaintiff's untimely tort claim notice references HB 4212, suggesting the bill tolled the service period making the notice received in March of 2022 timely. Defendant asserts HB 4212 and SB 813 do not cure the late filing of Plaintiff's tort claim notice.

    **1.  House Bill 4212 does not cure the late filing.**

HB 4212 was passed during a special session of the Oregon legislature in 2020. (Porter Decl., ¶ 5, Ex. 3 – Enrolled HB 4212, 2020 Special Session (Or. 2020) ("HB 4212"[2]). HB 4212 contains 49 separate sections, addressing various issues related to the Covid-19 pandemic. (*Id.*) Section 7 addresses the time periods for commencing a civil action or providing notice of a claim. (*Id.* p. 6.) Specifically, Section 7 provides the following:

> (1) If the expiration of the time to commence an action or give notice of a claim falls within the time in which any declaration of a state of emergency issued by the Governor related to COVID-19, and any extension of the declaration, is in effect, or within 90 days after the declaration and any extension is no longer in effect, the expiration of the time to commence the action or give notice of the claim is extended to a date 90 days after the declaration and any extension is no longer in effect.
> (2) Subsection (1) of this section applies to:
>
>           \* \* \*
>
> (c) The time period for commencing an action or giving a notice of claim under ORS 30.275[.]

(*Id.*). While Section 7 extended the period in which to commence an action, or, as relevant here, to provide tort claim notice pursuant to ORS 30.275, Section 8, subsection (1) of HB 4212 states that "Sections 6 and 7 of this 2020 special session Act are ***repealed*** on December 31, 2021." (*Id.* (Emphasis added)). On December 31, 2021, the extension of the notice period was automatically

---

[2] A copy of Enrolled House Bill 4212 from the 2020 Special Session has been attached to the Declaration in Support of this Motion for the Court's convenience as Exhibit 3.

Page 4 – DEFENDANTS' PARTIAL MOTION TO DISMISS

repealed, and therefore as of January 1, 2022, there was no longer any legal basis for extending the statute of limitations and notice period. As of that date, ORS 30.275 applied. Plaintiff's tort claim notice was not provided by December 31, 2021, and therefore was not timely under the special extension provided by Section 7 of HB 4212.

SB 813 amended section 7 of HB 4212 but did not extend the deadline. Oregon State Senate Bill ("SB") 813 was passed in 2021 and amended Section 7 of HB 4212 to clarify that the state of emergency began on March 8, 2020.[3] Claims that expired on or after that date were made eligible for the time extension. SB 813 § 1(4), 81st Leg., Reg. Sess. (Or. 2021). The state of emergency, extended several times, ultimately rescinded on April 1, 2022 by Executive Order 22-03.

Plaintiff's claim falls within the parameters of Section 7, specifically § 7(1)(c), because the time to serve notice under O.R.S. 30.275 expired on July 1, 2021, during the ongoing state of emergency. Because SB 813 did not amend Section 8, the automatic repeal provision, Plaintiff time to provide notice expired December 31, 2021, and because he served the notice after Section 7 was repealed, any extension no longer applied.

The Court recently addressed this issue in the context of a statute of repose in *Milligan v. C.R. Bard, Inc.*, No. 3:22- CV-00448-HZ, 2022 WL 16552307 (D. Or. Oct. 26, 2022). Based on statutory interpretation, the Court held that the extensions granted in Section 7 of HB 4212 were repealed by Section 8 on December 31, 2021. Id. at *4. Section 8(1) states: "Sections 6 and 7 of this 2020 special session Act are repealed on December 31, 2021." *Id.*

A majority of state circuit courts that have examined this issue have interpreted the repeal provision in Section 8 similarly and have found that December 31, 2021 was the ultimate deadline to file claims that received extensions under Section 7. *See Flanders v. WinCo Foods LLC*, No. 22CV11032 (Or. Cir. Sept. 9, 2022) (based on plain language, extensions from Section 7 of HB 4212 ended on December 31, 2021); *Progressive Universal Ins. Co. v. Tosano*, No.

---

[3] A copy of Enrolled Senate Bill 813 from the 2021 Regular Session has been attached to the Declaration in Support of this Motion for the Court's convenience as Exhibit 4.

Page 5 – DEFENDANTS' PARTIAL MOTION TO DISMISS

22CV09996, 2022 WL 3576110 (Or. Cir. July 22, 2022) (holding that because Section 7 of HB 4212 was repealed on December 31, 2021, a claim filed after that date and outside the limitations period was untimely); *Mouton v. Tri-Cnty. Metro. Transp. Dist. of Oregon*, No. 22CV06834 (Or. Cir. June 8, 2022) (holding that the ninety-day extension did not apply after the December repeal date despite continuation of the state of emergency; so a claim filed after Dec. 31, 2021 was untimely); *but see Corbin v. Clevenger DDS et al.*, No. 22CV05152 (Or. Cir. June 10, 2022) (holding that a ninety-day extension applied past the December repeal date, and the plaintiff had until March 31, 2022 to file a claim). These cases and the Court's opinion in *Milligan* address statutes of limitation and repose. Judge Hernandez, however, recently concluded "the reasoning is the same when applied to notice requirements." *Pearce v. City of Portland*, No. 3:22-cv-00518-HZ, 2023 WL 315913 (D. Or. Jan. 18, 2023). He held "that Section 8 repealed Section 7 of HB 4212 on December 31, 2021, and any notice given after that date must be within the 180-day time period specified by the OTCA." *Id.*

Plaintiff served the City with his tort claim notice on March 25, 2022, around eight months after the 180-day deadline. Because HB 4212 did not toll the deadline beyond December 31, 2021, Plaintiff's state-law claims are time-barred.

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss Claims 3, 4, and 5, Plaintiff's state law claims against Defendants. Fed. R. Civ. P. 12(b)(1).

DATED: March 1, 2023.

                                               Respectfully submitted,

                                               */s/ Michael K. Porter*
                                               Michael K. Porter, OSB No. 211377
                                               Deputy City Attorney
                                               Email: mike.porter@portlandoregon.gov
                                               *Of Attorneys for Defendants*

Page 6 – DEFENDANTS' PARTIAL MOTION TO DISMISS

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM. 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089